MARY JABLOWSKY, PLAINTIFF-APPELLANT, v. PRUDEN-
TIAL INSURANCE COMPANY OF AMERICA, DEFEND-
ANT-RESPONDENT.

Submitted May 3, 1938—Decided November 16, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
HEHER.

For the appellant, *Jacob I. Polkowitz.*

For the respondent, *R. E. & A. D. Watson* (*A. Dudley
Watson,* of counsel).

The opinion of the court was delivered by

HEHER, J. Plaintiff sued upon a policy of insurance
issued by defendant upon the life of her husband. She was
the designated beneficiary.

While the policy was in force, defendant made a loan to
the assured, and issued a "loan policy" in the amount of the
loan upon the assured's life, payable to it "in repayment of
indebtedness on account of loan [thus] advanced" under the
original policy. And it was defendant's contention that, while
the loan so made remained unpaid, the original policy lapsed
for non-payment of the stipulated premium, and that the loan

was repaid from the cash surrender value of the lapsed policy, leaving a balance of $2.40 "as the net value of the policy on the date of lapse," which "was used to purchase extended insurance at the pending age for the modified amount of insurance * * * for a period of fifty-five days," when the policy "was canceled."

Thereafter the assured died; and his widow, as the designated beneficiary of the policy thus claimed to have lapsed and to have been ultimately canceled, instituted this action, on the theory that "the purpose of said loan insurance was to maintain" the original policy "in its full benefits," and that, "although the defendant was the named beneficiary" of the loan policy, "it was so made payable * * * for the benefit of the plaintiff," as the beneficiary under the original policy.

The issue was tried before the Common Pleas judge, sitting without a jury by consent. Evidence was adduced by both parties. Motions for a nonsuit and direction of a verdict in its favor were made by defendant. Decision was reserved on each motion; and the record shows that subsequently "the court found in favor of the defendant," and ordered judgment final in its favor.

The grounds of appeal are palpably deficient. They are two in number, and aver error by the trial judge (1) "in giving a verdict to the defendant," and (2) "in not giving a verdict to the plaintiff."

These assignments set up matters that are reviewable only on rule to show cause. To secure a review of a judgment on error under chapter 62 of the laws of 1916 (*Pamph. L., p.* 109; *R. S.* 1937, 2:27-344 *et seq.*), it is requisite that the asserted errors of law residing in the findings of the trial judge be specified in the grounds of appeal filed and served, as required by rule 139 of this court. *Pannonia Building and Loan Association* v. *West Side Trust Co.,* 93 *N. J. L.* 377; *Golden Realty Co.* v. *Grant Building and Loan Association,* 109 *Id.* 129; *Eckert* v. *Nazzaro,* 109 *Id.* 136; *Cohn* v. *Passaic National Bank and Trust Co.,* 109 *Id.* 449; *Stassi* v. *De Fronzo,* 110 *Id.* 35; *Assin* v. *Traveler's Indemnity Co.,*

114 *Id.* 425; *Caspert* v. *Empire Furniture Co.,* 114 *Id.* 546; *Press* v. *Klink,* 115 *Id.* 475; *Biczis* v. *Public Service Co-ordinated Transport,* 115 *Id.* 407; *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *Id.* 28.

Under this statute, "a judgment presupposes a finding of facts in favor of the successful party, even if such finding be not expressed in terms, and also presupposes that, in the opinion of the judge, that party is entitled to the judgment by the law arising upon the facts." *Smith* v. *Cruse,* 101 *N. J. L.* 82.

The appeal is accordingly dismissed, but without costs.